**ORIGINAL**
FILED

11 JUL 25 PM 3:51



1  Patrick N. Keegan, Esq. (SBN 167698)
   **KEEGAN & BAKER, LLP**
2  6870 Embarcadero Lane
   Carlsbad, California 92011
3  Tel: (760) 929-9303
   Fax: (760) 929-9260
4
5  James P. Frantz, Esq. (SBN 87492)
   **FRANTZ LAW GROUP,**
   **A Professional Law Corporation**
6  402 West Broadway, Suite 860
   San Diego, California 92101
7  Tel: (619) 233-5945
   Fax: (619) 525-7672
8
   Attorneys for Plaintiff
9  CRAIG WITT

10                UNITED STATES DISTRICT COURT
11                SOUTHERN DISTRICT OF CALIFORNIA

12 CRAIG WITT, on behalf of himself, all other ) Case No. **11CV1632 JAH JMA**
   persons similarly situated and the general  )
13 public,                                      ) CLASS ACTION COMPLAINT FOR
                                                ) DAMAGES AND INJUNCTIVE RELIEF
14              Plaintiff,                      )
                                                ) JURY TRIAL DEMANDED
15      vs.                                     )
                                                )
16 NCO FINANCIAL SYSTEMS, INC., an              )
   Delaware corporation                         )         **BY FAX**
17                                              )
                Defendant.                      )
18                                              )

19
20      Plaintiff Craig Witt by his attorneys, on behalf of himself, all other persons similarly situated
21 and the general public, alleges upon personal knowledge as to himself and his acts stated herein, and
22 as to all other matters upon information and belief upon, as follows:

                              **INTRODUCTION**
23
24      1.      Plaintiff Craig Witt (or "Plaintiff") brings this action for damages, and any other
25 available legal or equitable remedies, resulting from the actions of Defendant NCO Financial
26 Systems, Inc. (hereinafter "Defendant" or "NCO"), in negligently, knowingly, and/or willfully
27 contacting Plaintiff on his cellular telephone, in violation of the Telephone Consumer Protection Act,
28 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

Class Action Complaint                        1

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which exceeds the $5,000,000.00 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will involve more than 100 persons and at least one class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and the County of San Diego.

## PARTIES

4. Plaintiff Craig Witt is an adult residing in the County of San Diego, California, which is within this judicial district. At all times relevant, Plaintiff was an individual residing within the State of California. On numerous occasions within a year prior to the filing of this Complaint, Plaintiff was contacted by NCO on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1). During these telephone calls, NCO used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). Plaintiff's telephone number NCO called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls as described in 47 U.S.C. § 227(b)(1). Plaintiff did not provide express consent to NCO to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein, was a corporation whose primary corporate address and headquarters is Horsham, Pennsylvania, and that Defendant does business in the County of San Diego.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated defined as all persons within the United States who received any telephone call from NCO to said person's cellular telephone through the use of any automatic telephone dialing

system or an artificial or prerecorded voice, from September 12, 2008 to the date of trial ("the Class"). NCO, its shareholders, officers, directors, employees and agents are excluded from the Class.

7. Plaintiff does not, as yet, know the exact size of the Class. Based upon the nature of NCO's business, Plaintiff believes that there are more than 100 Class members, and that Class members are geographically dispersed throughout the United States. Thus, the Class is sufficiently numerous to make joinder impracticable, if not completely impossible. The disposition of the claims of all members of the Class in a class action will benefit both the parties and the Court.

8. Plaintiff and members of the Class were harmed by the acts of NCO in at least the following ways: (a) Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and Class members previously paid; (b) by having to retrieve or administer messages left by Defendant during those illegal calls, and (c) invading the privacy of said Plaintiff and Class members. Plaintiff and the Class were damaged by such acts.

9. Plaintiff reserves the right to expand the Class' definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

10. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within one year prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

    b. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

11. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, Plaintiff is asserting

claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

12. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

13. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in California and the United States and would lead to repetitious trials of the numerous common questions of fact and law in California and the Untied States. Plaintiff know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

14. Proper and sufficient notice of this action may be provided to the Class members by direct mail and/or through notice published on the Internet, in television, radio, and/or print media outlets, and/or at on Defendant's web sites.

15. Moreover, the Plaintiff's and the Class' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's continuing violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Class-wide damages are essential to induce Defendant to comply with federal and California law. Moreover, absent certification of his action as a class action, Plaintiff and the members of the Class will continue to be damaged, thereby allowing these violations of law to proceed without a remedy.

16. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

17. At all relevant times, Plaintiff and the Class are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153(10).

18. NCO is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(10).

19. On numerous times, within one year prior to the date this Complaint was filed, NCO contacted Plaintiff and the Class on their cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

20. During these telephone calls, NCO used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21. The telephone numbers of Plaintiff and the Class called by NCO were assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls as defined by 47 U.S.C. § 227(b)(1).

22. The telephone calls made to Plaintiff and the Class by NCO constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff and the Class did not provide express consent to NCO to receive calls on Plaintiff's and the Class' cellular telephones, pursuant to 47 U.S.C. § 227(b)(1)(A).

24. As a result, the telephone calls made to Plaintiff and the Class by NCO were in violation of 47 U.S.C. § 227(b)(1).

## FIRST CAUSE OF ACTION
### (Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.)
### (Against All Defendants)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of NCO constitute numerous and multiple negligent

violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.)
### (Against All Defendants)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of NCO constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request the Court grant Plaintiff and the Class members the following relief against Defendant:

1. That this action be certified as a class action on behalf of the proposed plaintiff Class and the Plaintiff be appointed as the representatives of the Class;

2. As a result of Defendant's negligent violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation,

pursuant to 47 U.S.C. § 227(b)(3)(B).

3. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

4. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provide by statue, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

5. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

6. Prejudgment and post judgment interest as provided by statute;

7. Attorneys' fees, expenses, and costs of this action pursuant to statute; and

8. Such further relief as this Court deems necessary, just, and proper.

Dated: July 25, 2011

KEEGAN & BAKER, LLP

*/s/ Patrick N. Keegan*
Patrick N. Keegan, Esq.
e-mail: pkeegan@keeganbaker.com
Attorneys for Plaintiff Craig Witt

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: July 25, 2011                KEEGAN & BAKER, LLP

_____
Patrick N. Keegan, Esq.
e-mail: pkeegan@keeganbaker.com
Attorneys for Plaintiff Craig Witt

**ORIGINAL**

%JS 44  (Rev. 12/07)

## CIVIL COVER SHEET BY FAX

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

'11 JUL 25 PM 4:07

### I. (a) PLAINTIFFS
CRAIG WITT, on behalf of himself, all other persons similarly situated and the general public;

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC., a Delaware corporation

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Montgomery PA
(IN U.S. PLAINTIFF CASES ONLY)

DEPUTY BY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Patrick N. Keegan, Esq. (SBN 167698), KEEGAN & BAKER, LLP
6870 Embarcadero Lane, Carlsbad, CA 92011; Tel (760) 929-9303

Attorneys (If Known)

**11CV1632 JAH JMA**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party) yeb
☐ 2 U.S. Government Defendant
☐ 4 Diversity yeb (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 yeb | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 yeb |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(d)(2)     28:1331 yeb

Brief description of cause:
Contacting Plaintiff on his cellular telephone via an automatic telephone dialing system.

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 5,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE Thomas J. Whelan
DOCKET NUMBER 3:07-cv-01413-W-AJB

DATE 07/25/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 28679   AMOUNT $350   APPLYING IFP 7/25/11   JUDGE   MAG. JUDGE

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS028679
Cashier ID: kdelabar
Transaction Date: 07/25/2011
Payer Name: RAPID LEGAL
----------------------------------
CIVIL FILING FEE
 For: WITT V. NCO FNCL
 Case/Party: D-CAS-3-11-CV-001632-001
 Amount:      $350.00
----------------------------------
CHECK
 Check/Money Order Num: 41705
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```